FILED

2022 Feb-25  PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
1/31/2022 11:06 AM
01-CV-2022-900287.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| MICHELLE MOFFETT, and<br>KIERA MOFFETT, | )<br>)<br>) |
|     Plaintiffs, | )  Civil Action No.<br>) |
| v. | )<br>)  Jury Trial Demanded |
| TOWN OF BROOKSIDE,<br>ALABAMA; and IVORY PRICE,<br>and A and B being those persons<br>committing the acts complained of<br>herein, but who will be added by<br>amendment when their identities are<br>ascertained, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
|     Defendants. | )<br>) |

## COMPLAINT

## PARTIES TO THE COMPLAINT

1.    The Plaintiff Michelle Moffett is an adult citizen residing in Jefferson County, Alabama as is her daughter Kiera Moffett.

2.    The Town of Brookside ("Brookside") is a municipal corporation located within the Birmingham Division of Jefferson County, Alabama.

3.    Defendant Ivory Price is an adult resident of Jefferson County, Alabama and was employed as a police officer at Brookside at all times relevant to the matters alleged herein.

1

DOCUMENT 2

4.     The individual fictitious defendants are the Brookside police officers who committed the acts complained of against Plaintiffs. They will be added as named parties defendant when their identities are determined through discovery.

## FACTS

5.     Plaintiff Michelle Moffett was exiting I-22 at the Cherry Avenue exit at around 8:30 p.m. on February 9, 2020. She pulled onto the long exit ramp, passing the right turn lane and continued to where the ramp ended for a left turn to get onto Cherry Avenue.   Plaintiff activated her turn signal, stopped and then properly made the left turn

6.     Plaintiff had seen an unmarked black SUV parked in the median. After she had turned and was proceeding away from I-22, she noticed the black SUV rapidly passing two cars behind her vehicle. She was pulled over and approached by Defendant Ivory, who identified himself as a Brookside officer.

7.     Defendant Price told her that he was giving her a ticket for not giving a turn signal. He also told here that the vehicle was not her vehicle and that his computer showed that she did not have liability insurance.

8.     Plaintiff Kiera Moffett was a passenger in her vehicle, as was the four year-old son of Kiera Moffett in the back seat.

9.     Defendant Price demanded that both Plaintiffs allow him to search their

2

purses.   He searched the vehicle with the aid of his flashlight, going into the back seat and terrifying the child seated there. Both Plaintiffs and the child were ordered to get out of the car. Neither Plaintiff consented to the search.

10.   Plaintiff Michelle Moffett told Defendant Price that she owned the vehicle and had the ownership and insurance papers in the glove compartment, but he refused to look at them.   He claimed that he had checked and the vehicle was not hers.

11.   Defendant called for a wrecker and said that they had five minutes to get someone to come and take them home.   While standing beside the dark barren road, they called relatives for help.

12.   Defendant had left and the wrecker was driving off with their vehicle when Plaintiffs' relatives arrived at the scene.

13.   Both Plaintiffs were frightened and greatly upset. The child was crying and Plaintiff Michelle Moffett had a panic attack. All three suffered mental anguish and have been bothered by this experience.   Neither Plaintiff had ever been arrested or had an unpleasant experience with law enforcement.

14.   The next day Plaintiff Moffett went to the Alabama motor vehicles office and obtained further written evidence that the vehicle was in fact properly titled in her name. She also verified that her insurance was in force.

3

DOCUMENT 2

15.   In order to get the vehicle released, the documents were shown to the clerk who then gave Plaintiff a form sheet to take to Jett's Towing & Automobile, Inc. in Adamsville, the contracted towing agent of Brookside. Plaintiff was required to pay $175.00 to Brookside for the form which would allow the release of the vehicle. The towing fee of $160.00 was paid to Jett's and the vehicle was returned.

16.   When Plaintiff Michelle Moffett went to court in Brookside she pled not guilty, showing the evidence of insurance coverage. That charge was dismissed and she was later refunded the $175.00 fee, but not the towing fee.

17.   The court area was packed with people and Plaintiff finally was summoned to the courtroom by cell phone call.   She was crying and still upset about being in Brookside, so she dropped her request for a trial and begrudgingly accepted a fine and costs of $195.00 for the turn signal charge.   Though she was not guilty she wanted to be finally through with Brookside and Defendant Price.

18.   There was no reason whatsoever for Defendants to stop Plaintiff's vehicle.   The only way to proceed was to turn to the left, and the stop and seizure of Plaintiffs and their vehicle was pretextual, being done to have the ability to search them and to seek and bring additional charges. The motive was to use the seizure as a means of extracting revenue for Brookside.

19.   Brookside is a town of approximately 1,300 citizens, having only two-

4

lane roads and is separated from Interstate-22 by undeveloped land. Yet Brookside had 8 full-time and other part-time police officers, some of whom work overtime. The police jurisdiction of Brookside is limited by Alabama law to 1.5 miles due to its limited population, yet its police force issues thousands of citations and complaints every year, amassing revenue in excess of over $600,000.00 per year.

20.    Brookside operates a municipal court which imposes fines and court costs for violations within the town limits and within its police jurisdiction. State law prohibits towns the size of Brookside from issuing speeding tickets on interstate highways. [Code of Ala. 32-5A-171(8)]. Not having speeding as a source of revenue, Brookside has resorted to claims of obscure possible violations as justification for stopping, seizing and searching motorists.   For an extended period, scores of motorists were stopped and prosecuted for violating a code section which was not made a violation unless prescribed actions were taken by the state law enforcement agency and the Alabama Department of Transportation. (Code of Ala. 32-5-77). Such preliminary steps were not taken, yet motorists continued to be stopped and searched. Another ruse often used is the stopping of motorists on the Interstate for having one tag light out or having too bright a tag light.

21.    Brookside has operated its police and court system with a primary objective of obtaining revenue from motorists and has had a continued practice of

5

stopping and searching scores of vehicles daily, doing so without probable cause or reasonable suspicion of wrongdoing. At the time of the seizure of Plaintiffs, the Town of Brookside did not even have a municipal budget, instead running its police and court activities on the funds obtained by motorists like Plaintiffs.

22.     The motive for the unconstitutional seizure of Plaintiffs like many others was to generate revenue for Brookside. This practice was widespread and known as the accepted policy of Brookside. Both the Mayor and Police Chief of Brookside publicly acknowledged the effects of such police action and sanctioned its continuance and even called for its enlargement.

23.     Brookside has used obscure and inapplicable code sections as a basis for stopping motorists.  Once stopped, motorists like Plaintiffs here were detained while their persons, belongings and vehicles were illegally searched.  Defendants have brought additional charges against such persons, imposing enormous fines and costs as well as additional charges for towing and release of vehicles.  One example is the standard charge of $175 for merely signing a form which would authorize the town's contracted wrecker to release an impounded vehicle to its owner.

24.     The constant stopping and charging of motorists has been encouraged and sanctioned by Brookside for its police officers. The actions of Defendant Ivory here were taken in accordance with the policies and practices of Brookside.

6

25.     Plaintiffs suffered mental anguish and pain by the manner in which they were treated by Brookside and its officers and employees.   When Defendant Price left the scene, the Plaintiffs did not know if they would be able to contact a relative to pick them up. Plaintiffs and the child had no means of leaving had relatives not arrived. The unconstitutional search and seizure was frightening as was being stranded alone on the side of the road on a dark night.

26.     Defendant Price lacked having reasonable suspicion that Plaintiffs had committed any traffic violation.   The initial reason for stopping the vehicle was fabricated as justification for detaining and searching Plaintiffs and their vehicle. Such stop constitutes an illegal seizure in violation of the Fourth Amendment of the U. S. Constitution.

## CAUSES OF ACTION

## COUNT I:   VIOLATION OF THE FOURTH AMENDMENT RIGHTS OF PLAINTIFFS BY THE DEFENDANT PRICE
### [SEARCH AND SEIZURE]

Plaintiffs incorporate the factual allegations contained herein.

27. Plaintiffs have suffered a seizure by the actions of defendant Price who stopped and detained them in violation of their constitutional rights under the Fourth Amendment, with such having been done under color of state law in

7

violation of 42 U.S.C. § 1983. The said action was without just or probable cause and without reasonable suspension being done to subject Plaintiffs to illegal and improper search and seizure.

28. Plaintiffs suffered damage due to the intentional and unconstitutional actions of this defendant, being frightened and suffering mental anguish and being detained and left on a dark road at night.

## COUNT II. VIOLATION OF THE FOURTH AMENDMENT RIGHTS OF PLAINTIFF BY BROOKSIDE [SEARCH AND SEIZURE]

Plaintiffs incorporate the factual allegations contained herein.

29. Plaintiffs were subjected to an illegal seizure and detention by the Defendant Town of Brookside, being subjected to violation of their Fourth Amendment rights under the U.S. Constitution pursuant to 42 U.S.C. 1983. Brookside has a policy and/or practice of directing and allowing its police officers to stop, seize, detain and/or search motorists travelling along and near Interstate-22.

30. The stop of Plaintiffs as performed by defendant Price was a part of much broader pattern and practice on the part of Brookside to seize motorists without probable cause or reasonable suspicion of wrongdoing, basing the seizure on claims of obscure or non-existent violations of criminal law or claims of violations where none were committed. Defendant Brookside was deliberately and callously

8

indifferent in allowing and enforcing that policy and practice, encouraging its employees to make such seizures in order to amass revenue. The widespread application of that policy and practice caused the violation of Plaintiffs' Fourth Amendment rights.

31.   Plaintiffs suffered damage due to the intentional and unconstitutional policies of this defendant, being frightened and suffering mental anguish for being stopped, detained, searched and left alone on the dark road.

**COUNT III.   FALSE IMPRISONMENT BY DEFENDANT PRICE**

Plaintiffs incorporate herein the factual allegations of this complaint.

32.   Plaintiffs were falsely detained by defendant Price, being denied of their personal liberty and required to remain on the side of dark road. The Defendant lacked probable cause or reasonable suspicion to believe that any offense had been committed. Plaintiffs were left there by Defendants without any protection or means to get to safety. Their vehicle was taken and towed away for a non-existent violation, as Defendant Price refused to look at the insurance and ownership papers on the vehicle. Their detention constituted false imprisoned in violation of their Fourth Amendment rights as protected by 42 U.S.C. 1983 and as protected under Alabama law.

32.   Plaintiffs suffered mental anguish as a result of the actions of

9

Defendant Price who falsely arrested and detained them in violation of their constitutional and statutory rights.

## COUNT IV. FALSE IMPRISONMENT BY BROOKSIDE

Plaintiffs incorporate herein the factual allegations of this complaint.

33. Plaintiffs were falsely imprisoned and detained by Brookside employee Price following their seizure, being denied their personal liberty and required to remain on the side of the road and later being left there.   There was a lack of probable cause or reasonable suspicion to believe that they had committed any offense. Their vehicle was taken and towed away for a non-existent violation, as Defendant Price refused to look at the insurance and ownership papers on the vehicle.   Plaintiff was falsely arrested and imprisoned in violation of her Fourth Amendment rights as protected by 42 U.S.C. 1983.

35.   Brookside has a policy and/or practice of allowing its police officers to stop, seize, detain and/or search motorists travelling along and near Interstate-22.   The illegal and unnecessary detention of Plaintiffs was in accord with the ongoing practices of Brookside. Not only was Plaintiff Michelle Moffett charged with not having or displaying insurance, but also her vehicle was towed. Both actions were done in accordance with Brookside's policy of extracting revenue from motorists.   In addition to the expected revenue from the citations,

Brookside towed almost 800 vehicles in 2020, charging an unconscionable fee of $175 for the release of each.

36.   Plaintiffs suffered mental anguish as a result of the actions of Brookside in the false imprisonment by causing them to be detained and then left alone on the dark road without means of leaving.   Plaintiff Michelle Moffett further incurred costs in the return of her vehicle.

### COUNT V.   FALSE IMPRISONMENT OF PLAINTIFFS AGAINST DEFENDANT PRICE BASED ON NEGLIGENT ACTION

Plaintiff incorporates the factual allegations in this complaint.

37.   Defendant Price falsely imprisoned Plaintiffs by negligently stopping and detaining them.

38.    The pattern and practice of stopping motorists along I-22 by the Brookside   police gave the officers the misconception that such behavior was normal and not to be questioned.   Moreover, the lack of set policies or procedures by Brookside gave rise to the false arrest and imprisonment of Plaintiff, with it being the result of neglect, carelessness or unskillfulness.   Though Plaintiffs had the proper vehicle registration and insurance coverage papers, Defendant Price neglected to obtain or review them, and as a proximate result thereof, the vehicle was towed and Plaintiffs were unlawfully detained and forced to expend funds to

recover their vehicle.

40.  Plaintiffs suffered mental anguish and emotional pain as a result of the said actions of Brookside and its agents, being detained and then left on the dark road.

### COUNT VI.  DUE PROCESS VIOLATION AGAINST DEFENDANT PRICE IN THE TAKING OF THE VEHICLE OF PLAINTIFF MICHELLE MOFFETT

Plaintiff Michelle Moffett incorporates the factual allegations in this complaint.

41.  Defendant Price falsely seized and detained Plaintiff Michelle Moffett by stopping and detaining her without probable cause, falsely claiming that she had not given a turn signal.

42.  Defendant Price further refused to look at or review Plaintiff's vehicle registration and insurance papers, charging Plaintiff with failure to have or display such insurance.   He then directed Brookside's contracted towing company to take Plaintiff's vehicle, thereby causing Plaintiff to be stranded on the dark roadside with her daughter and grandchild.

43.  The taking of Plaintiff's vehicle was without probable cause or legal justification, depriving her of her property without due process.   Plaintiff had no ability to contest the taking and was forced to pay $175 to Brookside and $160

12

to Jett's Towing & Automotive, Inc. in order to get possession of her vehicle. This taking was prior to and not related to any judicial authority or action.

44. Plaintiff suffered mental anguish and emotional pain as a result of this due process violation as well as having to travel and expend funds to recover her vehicle.

## COUNT VII.   CONVERSION BY DEFENDANT PRICE AGAINST PLAINTIFF MICHELLE MOFFETT

Plaintiff incorporates herein the factual allegations of this complaint.

45.   Defendant Price falsely seized and detained Plaintiff Michelle Moffett by stopping and detaining her without probable cause, falsely claiming that she had not given a turn signal.

46.   Defendant Price further refused to look at or review Plaintiff's vehicle registration and insurance papers, charging Plaintiff with failure to have or display such insurance.   He then directed Brookside's contracted towing company to take Plaintiff's vehicle, thereby causing Plaintiff to be stranded on the dark roadside with her daughter and grandchild.

47.   Defendant Price committed the tort of conversion by wrongfully directing the taking of Plaintiff's vehicle, a 2002 Lincoln Navigator and depriving her of the use of it and further causing her to pay $275.00 for its return.

DOCUMENT 2

48.   Plaintiff Michelle Moffett claims appropriate actual and punitive damages under Alabama law against Defendant Price for conversion.

## RELIEF REQUESTED

WHEREFORE, PLAINTIFFS respectfully pray that the Court will take jurisdiction of this cause and upon the final hearing grant their request for the following relief:

a) Grant Plaintiffs appropriate actual and punitive damages for the violations of their rights complained of herein;

b) Award the costs of this action, including reasonable attorneys' fees;

c) Grant any other relief to which Plaintiffs may be entitled,

**TRIAL BY JURY IS DEMANDED ON ALL APPLICABLE CLAIMS**

Respectfully submitted,

/s/ *W. M. Dawson*

William M. Dawson

1736 Oxmoor Road, #101
Birmingham, Alabama 35209
Telephone: 205-795-3512

14

DOCUMENT 2

E-Mail: bill@billdawsonlaw.com

/s/ James Sears
James D. Sears
5809 Feldspar Way
Hoover, Alabama 35244
Telephone: 205-588-0755
E-Mail: jdsears@searslaw.net

Address of Plaintiffs

Both at:
124 Carriage Drive
Birmingham, AL 35214


Address of all Defendants for service:

    Town of Brookside
    City Hall
    Brookside, AL 35036

    Ivory Price
    % Town of Lipscomb Police Dept.
    5512 Avenue H
    Lipscomb, AL 35020

# EXHIBIT B

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **MICHELLE MOFFETT and**<br>**KIERA MOFFETT,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **vs.** | ) | |
| | ) | **CV-2022-900287** |
| **TOWN OF BROOKSIDE and** | ) | |
| **IVORY PRICE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §1446(d), defendant Officer Ivory Price hereby gives notice to the following person(s) that on February 25, 2022, he removed this action to the United States District Court for the Northern District of Alabama, Southern Division:

William M. Dawson, Esq.
**Dawson Law Office**
1736 Oxmoor Road, #101
Birmingham, Alabama  35209
**bill@billdawsonlaw.com**

James D. Sears, Esq.
**The Sears Firm, P.C.**
5809 Feldspar Way
Hoover, Alabama  35244
**jdsears@searslaw.net**

/s/ Thomas S. Hale
Thomas S. Hale (HAL004)
*Attorney for Defendant Ivory Price*

**OF COUNSEL:**
**HALE SIDES LLC**
600 Financial Center
505 20th Street North
Birmingham, Alabama  35203
(205) 453-9800 (Office)
**thale@halesides.com**

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, I served a copy of the above and foregoing on the following by using the Court's electronic filing system:

**Attorneys for Plaintiffs:**
William M. Dawson, Esq.
**Dawson Law Office**
1736 Oxmoor Road, #101
Birmingham, Alabama  35209
**bill@billdawsonlaw.com**

James D. Sears, Esq.
**The Sears Firm, P.C.**
5809 Feldspar Way
Hoover, Alabama  35244
**jdsears@searslaw.net**

/s/ Thomas S. Hale
Of Counsel

2

# EXHIBIT C

S   02/08/2022

| State of Alabama Unified Judicial System Form C-34  Rev. 4/2017 | SUMMONS - CIVIL - | Court Case Number 01-CV-2022-900287.00 |

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**MICHELLE MOFFETT ET AL V. TOWN OF BROOKSIDE ET AL**

NOTICE TO:   IVORY PRICE, TOWN OF LIPSCOMB 5512 AVENUE H, LIPSCOMB, AL 35020

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
WILLIAM MONROE DAWSON JR.

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 1736 Oxmoor Rd Ste 101, BIRMINGHAM, AL 35209

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                                           *(Name(s))*

01/31/2022                    /s/ JACQUELINE ANDERSON  SMITH        By: _____
*(Date)*                           *(Signature of Clerk)*                          *(Name)*

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

EXECUTED BY SERVING THE DEFENDANT Ivory Price

☐ Return receipt of certified mail received in this office on BY LEAVING A COPY OF THE SUMMONS *(Date)*
AND COMPLAINT AT THE DEFENDANT'S

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document DWELLING HOUSE OR USUAL PLACE OF
in ABODE WITH _____ County, *(Name of Person Served)*                        *(Name of County)*

Alabama on _____                   A PERSON OF SUITABLE AGE AND
*(Date)*                       DISCRETION THEN RESIDING THEREIN,
                                   *(Address of Served)*
_____    _____    THIS 8 OF FEB , 20 22
*(Type of Process Server)*   *(Server's Signature)*

_____                    _____
*(Server's Printed Name)*               *(Phone Number of Server)*

**01-CV-2022-900287.00**
MICHELLE MOFFETT ET AL V. TOWN OF BROOKSIDE ET AL

C001 - MICHELLE MOFFETT          v.          D002 - IVORY PRICE
*(Plaintiff)*                                       *(Defendant)*

**SERVICE RETURN COPY**

*22003604*

*XAEX150513*
IVORY PRICE



AlaFile E-Notice

01-CV-2022-900287.00

To:   JAMES DONALD SEARS
       jdsears@searslaw.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHELLE MOFFETT ET AL V. TOWN OF BROOKSIDE ET AL
01-CV-2022-900287.00

The following NOTICE OF APPEARANCE was FILED on 2/3/2022 10:29:28 AM

Notice Date:      2/3/2022 10:29:28 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

.

01-CV-2022-900287.00

To:  TOWN OF BROOKSIDE (PRO SE)
CITY HALL
2712 MUNICIPAL LANE
BROOKSIDE, AL, 35036-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHELLE MOFFETT ET AL V. TOWN OF BROOKSIDE ET AL
01-CV-2022-900287.00

The following NOTICE OF APPEARANCE was FILED on 2/3/2022 10:29:28 AM

Notice Date:     2/3/2022 10:29:28 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2022-900287.00

To:  PRICE IVORY (PRO SE)
     TOWN OF LIPSCOMB
     5512 AVENUE H
     LIPSCOMB, AL, 35020-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHELLE MOFFETT ET AL V. TOWN OF BROOKSIDE ET AL
01-CV-2022-900287.00

The following NOTICE OF APPEARANCE was FILED on 2/3/2022 10:29:28 AM

Notice Date:      2/3/2022 10:29:28 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2022-900287.00

To:  DAWSON WILLIAM MONROE JR.
bill@billdawsonlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHELLE MOFFETT ET AL V. TOWN OF BROOKSIDE ET AL
01-CV-2022-900287.00

The following NOTICE OF APPEARANCE was FILED on 2/3/2022 10:29:28 AM

Notice Date:     2/3/2022 10:29:28 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov